IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKE MARTINEZ, | No. C-12-0326 MMC |
| Plaintiff, | **ORDER DIRECTING GENERAL DYNAMICS TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE REMANDED** |
| v. | |
| GENERAL DYNAMICS C4 SYSTEMS, INC, et al., | |
| Defendants. | |

Before the Court is the Notice of Removal, filed January 20, 2012 by defendants General Dynamics C4 Systems, Inc. and General Dynamics Itronix Corporation (collectively, "General Dynamics"),[1] and by which General Dynamics has removed from state court a complaint filed by Franke Martinez ("Martinez"), a former employee of General Dynamics. Having read and considered the Notice of Removal, the Court, for the reasons stated below, will direct General Dynamics to show cause why the complaint should not be remanded.

General Dynamics removed the complaint for the asserted reason that the district court has diversity jurisdiction over the complaint. Specifically, General Dynamics relies on evidence showing General Dynamics is not a citizen of California, the state in which

---

[1] The action was reassigned to the undersigned on February 16, 2012.

Martinez alleges he resides (see Collins Decl. ¶ 4; Berwin Decl. ¶ 4), and on settlement demands in which Martinez's counsel estimated the value of Martinez's claims to be in excess of $75,000 (see Collins Decl. ¶¶ 7-9, Exs. 1-3). See 28 U.S.C. § 1332(a)(1) (providing district courts have jurisdiction over claims between citizens of different states, where amount in controversy exceeds $75,000). General Dynamics acknowledges the complaint also names two individual defendants, specifically, Ken Siegler ("Siegler") and Mark Johnston ("Johnston"),[2] who are citizens of California. General Dynamics argues, however, that the individual defendants have been fraudulently joined as defendants, and, consequently, their citizenship should be disregarded.

"Fraudulent joinder is a term of art." McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.

Here, the complaint includes no allegations concerning Siegler, other than that he resides in California. (See Compl. ¶ 6.) Consequently, as General Dynamics points out, under the settled rules of California, Martinez has failed to state any claim against Siegler. See Falahati v. Kondo, 127 Cal. App. 4th 823, 829 (2005) (holding plaintiff "plainly fail[ed] to state a cause of action" against defendant who was "nowhere mentioned in the body of the complaint").

The complaint does include allegations as to Johnston. First, Martinez alleges that Johnston was one of three "General Dynamics employees" who made false "representations" to Martinez to "induce him to leave Verizon Wireless," Martinez's former employer, and "to join General Dynamics." (See Compl. ¶¶ 14, 17-18.) Second, Martinez alleges that, during the time he was employed by General Dynamics, he advised Johnston he had received "complaints from customers and potential customers of [certain] products"

---

[2] Plaintiff refers to said defendant as "Marc Johnston" in the caption of the complaint and as "Mark Johnson" in the body of the complaint. According to the Associate General Counsel for General Dynamics C4 Systems, Inc., said defendant's name is "Mark Johnston." (See Collins Decl. ¶ 5.)

2

concerning the "quality, reliability and safety of those products," and that, "[i]mmediately upon reporting such problems to [Johnston], [Martinez] was subject[ed] to a persistent and repeated course of retaliation," culminating in Martinez's termination. (See Compl. ¶¶ 25, 28.) The complaint contains five causes of action, each of which is alleged against, inter alia, Johnston. (See Compl. at 1:20.) General Dynamics asserts that under settled California law, Martinez's allegations fail to state any claim against Johnston.

With respect to several of Martinez's claims, General Dynamic's argument is well taken. As General Dynamics points out, the Second Cause of Action, titled "Whistleblower Retaliation," and the Fifth Cause of Action, titled "Orientation and Ethnic Discrimination & Harassment," brought, in each instance, under the Fair Employment and Housing Act ("FEHA"), cannot be asserted against Johnston, because, although Martinez did file an administrative claim prior to filing his complaint (see Madsen Decl. Ex. 1), he failed to identify Johnston therein. See Medix Ambulance Serv., Inc. v. Superior Court, 97 Cal. App. 4th 109, 116-18 (2002) (holding plaintiff cannot state FEHA claim against person not named in administrative claim; citing California cases). Similarly, as General Dynamics points out, the Third Cause of Action, titled "Breach of Contract," cannot be asserted against Johnston, because the contract at issue is the employment contract between Martinez and General Dynamics, and Johnston is not a party to that agreement. See Egan v. Mutual of Omaha Ins. Co., 24 Cal. 3d 809, 824 (1979) (holding defendant who is not party to contract cannot be held liable for breach of contract, even if such defendant is "agent" of party who entered contract with plaintiff).

The Fourth Cause of Action, titled "Unfair Business Practices," is, as pleaded, derivative of the first three causes of action. (See Compl. ¶¶ 38-39.) Accordingly, to the extent the Fourth Cause of Action, as alleged against Johnston, is based on the Second and Third Causes of Action, such claim likewise fails, and to the extent it is based on the First Cause of Action, it is dependent on the viability of the First Cause of Action.

Turning to Martinez's remaining claim, the First Cause of Action, the Court finds General Dynamic's argument is less persuasive. In the First Cause of Action, titled

1  "Fraud," Martinez alleges he was fraudulently induced to leave his prior employer and work
2  for General Dynamics. According to General Dynamics, Martinez's fraud claim against
3  Johnston fails under settled California law because the complaint does not identify a false
4  statement made by Johnston, and, further, because the fraud claim is not otherwise
5  pleaded with the requisite particularity. See Lazar v. Superior Court, 12 Cal. 4th 631, 645
6  (1996) (holding, with respect to all fraud claims, "particularity requirement necessitates
7  pleading facts which show how, when, where, to whom, and by what means the
8  representations were tendered"). Significantly, however, General Dynamics' argument as
9  to such deficiencies is equally applicable to the First Cause of Action as alleged against
10 General Dynamics. See id. (holding, with respect to fraud claim against corporate
11 employer, plaintiff must allege all facts necessary to meet "how, when, where, to whom and
12 by what means" requirement, and further must "allege the names of the persons who made
13 the allegedly fraudulent representations [and] their authority to speak").

14       A fraudulent joinder is, in essence, a "device to prevent removal." See Chesapeake
15 & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914). Consequently, where, as here, the
16 same deficiency in a claim pertains to both a non-diverse defendant and a diverse
17 defendant, such deficiency will not support a showing of fraudulent joinder. See id. at 152-
18 53. As the Ninth Circuit has explained, "[w]hen, on a motion to remand, a showing that
19 compels a holding that there is no reasonable basis for predicting that state law would allow
20 the plaintiff to recover against the in-state defendant necessarily compels the same result
21 for the non-resident defendant, there is no improper joinder; there is only a lawsuit lacking
22 in merit." See Hunter v. Philip Morris USA, 582 F.3d 1039, 1044-45 (9th Cir. 2009) (internal
23 quotation and citation omitted); see also Chesapeake & Ohio Ry. Co., 232 U.S. at 153
24 (holding fraudulent joinder of non-diverse defendants not established by showing "an
25 absence of good faith on the part of the plaintiff in bringing the action at all," as "showing
26 manifestly went to the merits of the action as an entirety, and not to the joinder").

27       Accordingly, it appearing that Johnston is not fraudulently joined, General Dynamics
28 will be directed to show cause why the complaint should not be remanded.

**CONCLUSION**

For the reasons stated above:

1. No later than April 13, 2012, General Dynamics is hereby DIRECTED to show cause in writing why the complaint should not be remanded for lack of subject matter jurisdiction.

2. No later than April 27, 2012, Martinez shall file any reply to General Dynamics' response.

3. As of April 27, 2012, unless the parties are otherwise advised, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: March 28, 2012

MAXINE M. CHESNEY
United States District Judge