United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   FRANKE MARTINEZ,                        No. C-12-0326 MMC

12              Plaintiff,                   **ORDER DIRECTING GENERAL
                                            DYNAMICS TO SHOW CAUSE WHY
13      v.                                   COMPLAINT SHOULD NOT BE
                                            REMANDED**
14   GENERAL DYNAMICS C4 SYSTEMS, INC,
     et al.,
15
                Defendants.
16   _____/

17

18          Before the Court is the Notice of Removal, filed January 20, 2012 by defendants

19   General Dynamics C4 Systems, Inc. and General Dynamics Itronix Corporation

20   (collectively, "General Dynamics"),[1] and by which General Dynamics has removed from

21   state court a complaint filed by Franke Martinez ("Martinez"), a former employee of General

22   Dynamics.  Having read and considered the Notice of Removal, the Court, for the reasons

23   stated below, will direct General Dynamics to show cause why the complaint should not be

24   remanded.

25          General Dynamics removed the complaint for the asserted reason that the district

26   court has diversity jurisdiction over the complaint.  Specifically, General Dynamics relies on

27   evidence showing General Dynamics is not a citizen of California, the state in which

28   _____

          [1]The action was reassigned to the undersigned on February 16, 2012.

1  Martinez alleges he resides (see Collins Decl. ¶ 4; Berwin Decl. ¶ 4), and on settlement

2  demands in which Martinez's counsel estimated the value of Martinez's claims to be in

3  excess of $75,000 (see Collins Decl. ¶¶ 7-9, Exs. 1-3).  See 28 U.S.C. § 1332(a)(1)

4  (providing district courts have jurisdiction over claims between citizens  of different states,

5  where amount in controversy exceeds $75,000).  General Dynamics acknowledges the

6  complaint also names two individual defendants, specifically, Ken Siegler ("Siegler") and

7  Mark Johnston ("Johnston"),[2] who are citizens of California.  General Dynamics argues,

8  however, that the individual defendants have been fraudulently joined as defendants, and,

9  consequently, their citizenship should be disregarded.

10       "Fraudulent joinder is a term of art."  McCabe v. General Foods Corp., 811 F. 2d

11  1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident

12  defendant, and the failure is obvious according to the settled rules of the state, the joinder

13  of the resident defendant is fraudulent."  Id.

14       Here, the complaint includes no allegations concerning Siegler, other than that he

15  resides in California.  (See Compl. ¶ 6.)  Consequently, as General Dynamics points out,

16  under the settled rules of California, Martinez has failed to state any claim against Siegler.

17  See Falahati v. Kondo, 127 Cal. App. 4th 823, 829 (2005) (holding plaintiff "plainly fail[ed]

18  to state a cause of action" against defendant who was "nowhere mentioned in the body of

19  the complaint").

20       The complaint does include allegations as to Johnston.  First, Martinez alleges that

21  Johnston was one of three "General Dynamics employees" who made false

22  "representations" to Martinez to "induce him to leave Verizon Wireless," Martinez's former

23  employer, and "to join General Dynamics."  (See Compl. ¶¶ 14, 17-18.)  Second, Martinez

24  alleges that, during the time he was employed by General Dynamics, he advised Johnston

25  he had received "complaints from customers and potential customers of [certain] products"

26  _____

27       [2]Plaintiff refers to said defendant as "Marc Johnston" in the caption of the complaint
     and as "Mark Johnson" in the body of the complaint.  According to the Associate General
28  Counsel for General Dynamics C4 Systems, Inc., said defendant's name is "Mark
     Johnston."  (See Collins Decl. ¶ 5.)

concerning the "quality, reliability and safety of those products," and that, "[i]mmediately upon reporting such problems to [Johnston], [Martinez] was subject[ed] to a persistent and repeated course of retaliation," culminating in Martinez's termination.  (See Compl. ¶¶ 25, 28.)  The complaint contains five causes of action, each of which is alleged against, inter alia, Johnston.  (See Compl. at 1:20.)  General Dynamics asserts that under settled California law, Martinez's allegations fail to state any claim against Johnston.

With respect to several of Martinez's claims, General Dynamic's argument is well taken.  As General Dynamics points out, the Second Cause of Action, titled "Whistleblower Retaliation," and the Fifth Cause of Action, titled "Orientation and Ethnic Discrimination & Harassment," brought, in each instance, under the Fair Employment and Housing Act ("FEHA"), cannot be asserted against Johnston, because, although Martinez did file an administrative claim prior to filing his complaint (see Madsen Decl. Ex. 1), he failed to identify Johnston therein.  See Medix Ambulance Serv., Inc. v. Superior Court, 97 Cal. App. 4th 109, 116-18 (2002) (holding plaintiff cannot state FEHA claim against person not named in administrative claim; citing California cases).  Similarly, as General Dynamics points out, the Third Cause of Action, titled "Breach of Contract," cannot be asserted against Johnston, because the contract at issue is the employment contract between Martinez and General Dynamics, and Johnston is not a party to that agreement.  See Egan v. Mutual of Omaha Ins. Co., 24 Cal. 3d 809, 824 (1979) (holding defendant who is not party to contract cannot be held liable for breach of contract, even if such defendant is "agent" of party who entered contract with plaintiff).

The Fourth Cause of Action, titled "Unfair Business Practices," is, as pleaded, derivative of the first three causes of action.  (See Compl. ¶¶ 38-39.)  Accordingly, to the extent the Fourth Cause of Action, as alleged against Johnston, is based on the Second and Third Causes of Action, such claim likewise fails, and to the extent it is based on the First Cause of Action, it is dependent on the viability of the First Cause of Action.

Turning to Martinez's remaining claim, the First Cause of Action, the Court finds General Dynamic's argument is less persuasive.  In the First Cause of Action, titled

3

1    "Fraud," Martinez alleges he was fraudulently induced to leave his prior employer and work

2    for General Dynamics.  According to General Dynamics, Martinez's fraud claim against

3    Johnston fails under settled California law because the complaint does not identify a false

4    statement made by Johnston, and, further, because the fraud claim is not otherwise

5    pleaded with the requisite particularity.  See Lazar v. Superior Court, 12 Cal. 4th 631, 645

6    (1996) (holding, with respect to all fraud claims, "particularity requirement necessitates

7    pleading facts which show how, when, where, to whom, and by what means the

8    representations were tendered").  Significantly, however, General Dynamics' argument as

9    to such deficiencies is equally applicable to the First Cause of Action as alleged against

10   General Dynamics.  See id. (holding, with respect to fraud claim against corporate

11   employer, plaintiff must allege all facts necessary to meet "how, when, where, to whom and

12   by what means" requirement, and further must "allege the names of the persons who made

13   the allegedly fraudulent representations [and] their authority to speak").

14        A fraudulent joinder is, in essence, a "device to prevent removal."  See Chesapeake

15   & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914).  Consequently, where, as here, the

16   same deficiency in a claim pertains to both a non-diverse defendant and a diverse

17   defendant, such deficiency will not support a showing of fraudulent joinder.  See id. at 152-

18   53.  As the Ninth Circuit has explained, "[w]hen, on a motion to remand, a showing that

19   compels a holding that there is no reasonable basis for predicting that state law would allow

20   the plaintiff to recover against the in-state defendant necessarily compels the same result

21   for the non-resident defendant, there is no improper joinder; there is only a lawsuit lacking

22   in merit."  See Hunter v. Philip Morris USA, 582 F.3d 1039, 1044-45 (9th Cir. 2009) (internal

23   quotation and citation omitted); see also Chesapeake & Ohio Ry. Co., 232 U.S. at 153

24   (holding fraudulent joinder of non-diverse defendants not established by showing "an

25   absence of good faith on the part of the plaintiff in bringing the action at all," as "showing

26   manifestly went to the merits of the action as an entirety, and not to the joinder").

27        Accordingly, it appearing that Johnston is not fraudulently joined, General Dynamics

28   will be directed to show cause why the complaint should not be remanded.

**CONCLUSION**

For the reasons stated above:

1.  No later than April 13, 2012, General Dynamics is hereby DIRECTED to show cause in writing why the complaint should not be remanded for lack of subject matter jurisdiction.

2.  No later than April 27, 2012, Martinez shall file any reply to General Dynamics' response.

3.  As of April 27, 2012, unless the parties are otherwise advised, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated:  March 28, 2012

_____
MAXINE M. CHESNEY
United States District Judge