**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANKE MARTINEZ,                                    No. C-12-0326 MMC

        Plaintiff,                              **ORDER REMANDING ACTION TO**
  v.                                                      **STATE COURT**

GENERAL DYNAMICS C4 SYSTEMS, INC,
et al.,

        Defendants.
_____/

     By order filed March 28, 2012, the Court directed defendants General Dynamics C4

Systems, Inc. and General Dynamics Itronix Corporation (collectively, "General Dynamics")

to show cause why the above-titled action should not be remanded for lack of subject

matter jurisdiction.  Now before the Court is General Dynamics' response and plaintiff

Franke Martinez's ("Martinez") reply thereto.  Having read and considered the parties'

respective written submissions, the Court rules as follows.

**DISCUSSION**

     In its notice of removal, General Dynamics asserts the district court has diversity

jurisdiction over the above-titled action because Martinez seeks damages in excess of

$75,000, General Dynamics and Martinez are diverse in citizenship, and the remaining two

defendants, specifically, Mark Johnston ("Johnston") and Ken Siegler ("Siegler"), although

not diverse, have been fraudulently joined.   In support of the last point, General Dynamics

asserts that Martinez has failed, under settled California law, to state a claim against either

Johnston or Siegler.  See McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir.

1987) (holding where "plaintiff fails to state a cause of action against a resident defendant,

and the failure is obvious according to the settled rules of the state, the joinder of the

resident defendant is fraudulent").

In particular, with respect to the First Cause of Action, alleging a claim for fraud, and

the Fourth Cause of Action, to the extent it alleges a claim for unfair business practices

derivative thereof, General Dynamics asserts Martinez fails to state a claim against

Johnston under California law because Martinez's complaint fails to identify any false

statement, let alone a false statement by Johnston, and, further, because Martinez fails to

plead such claim with the requisite particularity.  See Lazar v. Superior Court, 12 Cal. 4th

631, 645 (1996) (holding, for claim of fraud, "particularity requirement necessitates pleading

facts which show how, when, where, to whom, and by what means the representations

were tendered").[1]  Because those defenses apply equally to General Dynamics, see id.

(holding, with respect to fraud claim against corporation, plaintiff must comply with "how,

when, where, to whom and by what means" requirement, and, further, must "allege the

names of the persons who made the allegedly fraudulent representations [and] their

authority to speak"), the Court directed General Dynamics to show cause why the action

should not be remanded, see Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 153-

54 (1914) (holding where asserted deficiency pertained to both non-diverse and diverse

defendants, said deficiency did not support showing of fraudulent joinder, because

deficiency "manifestly went to the merits of the action as an entirety, and not to the

joinder").

In its response to the Court's order, General Dynamics does not disagree that the

above-referenced asserted deficiencies are equally applicable to both itself and Johnston.

Rather, it points out that other causes of action alleged against General Dynamics, e.g., the

_____

[1]General Dynamics asserts Martinez fails to state a claim against Siegler because
the complaint includes no factual allegations with respect to said defendant.

1    Third Cause of Action, by which Martinez alleges General Dynamics breached the terms of

2    an employment contract, do not fail to a state a claim.  According to General Dynamics,

3    where "the common defense disposes of merely some, but not all, the claims," the

4    "common defense" rule does not apply.  (See Defs.' Response to Order to Show Cause at

5    2:6-7.)

6         In support of said argument, General Dynamics relies on Rainwater v. Lamar Life

7    Ins. Co., 391 F.3d 636 (5th Cir. 2004), in which the Fifth Circuit held that where a common

8    defense exists, fraudulent joinder nonetheless is established unless such common defense

9    "is dispositive of all claims against all defendants."  See id. at 638-39; see also Boone v.

10   Citigroup, Inc., 416 F.3d 382, 390 (5th Cir. 2005) (holding common defense exception to

11   fraudulent joinder not established unless common defense "equally and necessarily

12   compel[s] dismissal of all claims against all the diverse defendants") (internal quotation,

13   citation and emphasis omitted).

14        Other courts, however, have declined to find fraudulent joinder, even where the

15   common defense does not dispose of all claims against all parties.  See, e.g., First United,

16   Inc. v. General Motors, LLC, 2011 WL 1103730, *4-5 (S.D. Cal. 2011) (holding diverse

17   defendant failed to establish fraudulent joinder, where "[diverse defendant's] reasoning for

18   dismissal of [plaintiff's] causes of action against [non-diverse defendant] would also require

19   dismissal of several of [plaintiff's] causes of action against [diverse defendant] itself")

20   (emphasis added); In re New England Mutual Life Ins. Co. Sales Practices Litig., 324 F.

21   Supp. 2d 288, 305-06 (D. Mass. 2004) (holding "concerns that underlie Cockrell also apply

22   to arguments offered to prove fraudulent joinder that simultaneously show that some claims

23   against the diverse defendant or defendants must fail") (emphasis in original); see also

24   McNary v. Cottrell, Inc., 2009 WL 5066650, *4 (S.D. Ill. 2009) (holding fraudulent joinder

25   not established where non-diverse defendant and one of two diverse defendants had

26   "identical" defenses); Hauck v. ConocoPhillips Co., 2006 WL 1596826 (S.D. Ill. 2006)

27   (rejecting Fifth Circuit's rule in Rainwater; holding fraudulent joinder not established where

28   non-diverse and one of two diverse defendants shared common defense).

1    In this instance, the Court need not determine whether the Fifth Circuit's reading of

2 Cockrell's common defense rule is or is not too narrow, because General Dynamics'

3 assertion of fraudulent joinder, as set forth above and in greater detail in the Court's order

4 of March 28, 2012, is premised on pleading deficiencies of the type curable by amendment.

5 Under similar circumstances, both the Fifth Circuit and a number of district courts have

6 declined to find fraudulent joinder.  See Hart v. Bayer Corp., 199 F.3d 239, 247-48, n.6 (5th

7 Cir. 2000) (holding fraudulent joinder not established where diverse defendant asserted

8 plaintiff failed to allege fraud claim against non-diverse defendant "with sufficient

9 particularity"; observing "failure to meet the specific pleading requirements should not

10 automatically or inflexib[ly] result dismissal of the complaint with prejudice to re-filing"); see

11 also, e.g., Smith v. Quality Loan Service Corp., 2012 WL 202055 (E.D. Cal. 2012) (holding

12 fraudulent joinder not established where diverse defendant asserted plaintiff failed to plead

13 fraud claim against non-diverse defendant in conformity with California state pleading

14 requirements; finding fraud claim was "potentially viable" because deficiencies could be

15 cured by amendment); Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)

16 (holding, where diverse defendant bases fraudulent joinder argument on pleading

17 deficiency, "[r]emand must be granted unless the defendant shows that the plaintiff would

18 not be afforded leave to amend his complaint to cure the purported deficiency") (internal

19 quotation, citation, and alteration omitted).

20    Because fraudulent joinder is established only where a diverse defendant shows the

21 non-diverse defendant "cannot be liable on any theory," see Ritchey v. Upjohn Drug Co.,

22 139 F.3d 1313, 1318 (9th Cir. 1998), the Court agrees with those courts that have found a

23 defendant's reliance on an arguably curable pleading deficiency is insufficient to

24 demonstrate fraudulent joinder.

25    Here, General Dynamics does not assert, let alone show, the asserted deficiencies

26 could not be cured by amendment, or that the state court would not afford Martinez leave to

27 amend.  See, e.g., Schultz v. Harney, 27 Cal. App. 4th 1611, 1622, 1624 (1994) (holding

28 "demurrer to a complaint should not be sustained without leave to amend if there is a

1   reasonable possibility that the defects can be cured by amendment"; finding, where plaintiff

2   alleged defendant made false statement but failed to allege defendant had knowledge

3   statement was false when made, plaintiff was entitled to amend to cure deficiency).

4   　　　　Accordingly, the Court finds General Dynamics has failed to show Johnston and

5   Siegler have been fraudulently joined as defendants.

6   　　　　　　　　　　　　　　　**CONCLUSION**

7   　　　　For the reasons stated, diversity of citizenship not having been shown, the above-

8   titled action is hereby REMANDED to the Superior Court of the State of California, in and

9   for the County of Alameda.

10   　　　　**IT IS SO ORDERED.**

11

12   Dated:  May 18, 2012

13   　　　　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28